IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BILL WILLIAMS; and
CAROLYN WILLIAMS                                                                PLAINTIFFS

VS.                                                                                       No. 2:04CV282-D-A

BOLIVAR COUNTY, MISSISSIPPI, ET. AL.                                 DEFENDANTS

LEE CHESTNUT                                                                         INTERVENOR

OPINION GRANTING MOTION TO DISMISS

Presently pending before the Court is the Plaintiffs' motion to dismiss the claims of the Intervenor. Upon due consideration, the Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiffs, who are registered voters in Bolivar County, Mississippi, filed this voting rights action on September 30, 2004. The Plaintiffs allege that the County's redistricting plan used to elect county supervisors and election commissioners violates the one-person, one-vote principle of the Fourteenth Amendment to the United States Constitution. The Plaintiffs specifically allege that the one-man, one-vote principle was violated by the County's inclusion of Delta State students in that redistricting plan. Recognizing this Court's decision in Boddie v. City of Cleveland, 297 F. Supp. 2d 901 (N.D. Miss. 2004), the Bolivar County Board of Supervisors adopted a new plan excluding Delta State students from inclusion in the redistricting plan on November 7, 2005.

On August 2, 2005, Magistrate Judge S. Allan Alexander granted a motion to intervene by Larry Chiz, Lee Chestnut and William Alexander. The Intervenors took exception with the new redistricting plan alleging that the intentional exclusion of a class of students who reside on the campus of Delta State University from a supervisory district apportionment numbers violates the

equal-protection rights of the on-campus student population. The Intervenors claim that Bolivar County is not required to exclude students from Delta State in their apportionment numbers.

This Court issued an Order on December 20, 2006, denying the Intervenors' motion for summary judgment. In addition, the Court dismissed the claims of Larry Chiz and William Alexander due to the fact that they were deceased. On October 31, 2006, Bolivar County submitted its new plan for preclearance by the United States Department of Justice pursuant to Section 5 of the Voting Rights Act of 1965. Bolivar County provided supplemental documentation to the Justice Department on November 21, 2006. On January 22, 2007, the Voting Section of the Civil Rights Division of the Department of Justice issued a letter of preclearance to Bolivar County.

The Plaintiffs now move this Court to dismiss the claims of the sole intervenor, Lee Chestnut. The Plaintiffs argue that Chestnut lacks standing. In addition, the Plaintiffs state that Chestnut is not a registered voter in Bolivar County, which further proves his lack of standing. The Intervenor responds stating that he has standing as a student of Delta State. The Intervenor argues that it is a violation of his and Delta State students' equal protection rights to exclude them from the supervisory district apportionment base.

### B. *Standard of Review*

When considering a motion to dismiss for failure to state a claim under 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995) (quoting, Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether

dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982).

### C.  Applicable Law

United States District Courts are courts of limited jurisdiction. 13 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3522 (1984). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). The federal courts must consider the issue of subject matter jurisdiction *sua sponte* if it was not raised by the parties, and must dismiss any action if subject matter is found lacking. Giannakos v. M/V Bravo Trader, 762 F.2d 1295, 1297 (5th Cir. 1985); Matter of Kutner 656 F.2d 1107, 1120 (5th Cir. 1981), *cert. denied,* 455 U.S. 945, 102 S. Ct. 1443, 71 L. Ed. 2d 658 (1982).

The justiciability doctrines created by the United States Supreme Court act as further limits on the federal judicial power. Erwin Chemerinsky, Federal Jurisdiction 44-45 (4th ed. 2003). The United States Supreme Court defined standing as whether the litigant is entitled to have the court decide the merits of the dispute. Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975). Standing "is an essential and unchanging part of the case or controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The three constitutional requirements for standing are: (1) an injury in fact that is concrete and particularized, (2) that injury must be caused by the defendant, and (3) it must be likely that the Court can redress the injury. Id. at 560-61. "The party invoking federal jurisdiction bears the burden of proof in establishing all three elements." Id. at 561. "Failure to establish any one [of them] deprives the federal courts of jurisdiction to hear the suit." Rivera v. Wyeth-Ayerst Labs, 283

F.3d 315, 319 (5th Cir. 2002).

*D. Discussion*

1. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 2394, 72 L. Ed. 2d 786 (1982). Section 5 of the Fourteenth Amendment empowers Congress to enforce this mandate, but absent controlling congressional direction, the courts have devised standards for determining the validity of state legislation or official action that is challenged as denying equal protection. City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439-40, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). The Supreme Court has devised a general rule which states that legislation and official actions are presumed valid and will be upheld so long as the legislation or official action is rationally related to a legitimate state interest. Id. Schweiker v. Wilson, 450 U.S. 221, 230, 101 S. Ct. 1074, 1080, 67 L. Ed. 2d 186 (1981). This general rule gives way when a statute or action classifies by race, alienage, or national origin. Id. at 440. Therefore, such classifications are subject to strict scrutiny and will only be sustained if they are narrowly tailored to serve a compelling governmental interest. Rolf v. City of San Antonio, 77 F.3d 823, 828 (5th Cir. 1996); Qutb v. Strauss, 11 F.3d 488 (5th Cir. 1993). The Courts also use similar oversight when state laws or state action impinge on personal rights or fundamental rights guaranteed under the Constitution. Id. There is no basis in law for the argument that the right to pursue one's chosen profession is a fundamental right for the purpose of invoking strict scrutiny under the Equal Protection clause. Whittle v. United States, 7 F.3d 1259, 1262 (6th Cir. 1993) (quoting Lupert v. California State Bar, 761 F.2d 1325, 1327 n.2 (9th Cir.), *cert. denied*, 474 U.S. 916, 106 S. Ct. 241,

88 L. Ed. 2d 251 (1985)).

The Intervenor's equal protection claim is without merit. The Intervenor has not identified that he is a member of a protected class. In addition, the Intervenor has not claimed he was treated differently because of race, gender, national origin, or alienage. Therefore, even if the Plaintiff could state he was treated differently he would only be entitled to rational basis review. The Defendant Bolivar County took actions that made its voting procedures comply with those promulgated in a previous federal district court order. In addition, the Defendant took actions to rid itself of a lawsuit that would have proved costly to the taxpayers. Thus, the Defendant's actions were rationally related to a legitimate governmental interest. The Court is of the opinion that the Intervenor has failed to claim a violation of a constitutionally protected right.

2. Standing

The Court now turns to the standing analysis to see if Chestnut has standing against Bolivar County. The Court determines he does not. As enumerated by the Supreme Court, standing requires (1) an injury, (2) causation, and (3) redressibility. Lujan, 504 U.S. at 560, 112 S. Ct. 2130. The Court will take each element on its own to determine if Chestnut has met the requirements for standing. The Court notes again that Chestnut is not a registered voter in Bolivar County. The Court further notes that it found Chestnut's claim under Equal Protection to be without merit. Thus, the Court finds that Chestnut has not suffered a concrete and particularized injury. He has not been denied the right to vote. Thus, the Court finds that because Chesnut has not suffered a concrete and particularized injury, then he is without standing to intervene in this suit. As such, Chestnut's claim shall be dismissed.

In addition, the Supreme Court has generally prohibited third-party standing. The Supreme Court has stated, "Even when the plaintiff has alleged injury sufficient to meet the 'case or

controversy' requirement, the Court has held that the plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth, 422 U.S. at 499. See also United Food and Commercial Workers v. Brown Group, 517 U.S. 544, 557 (1996). In order to meet the requirements of third-party standing one must meet the normal requirements for standing in addition to the following exceptions: (1) the third party is unlikely to be able to sue; (2) there is a close relationship between plaintiff and third party; or (3) a statute is overbroad. Erwin Chemerinsky, Federal Jurisdiction 83-87 (4th ed. 2003). Here, Chestnut cannot meet the constitutional standing requirements and he additionally has not alleged any of the exceptions to meet third-party standing.

*E. Conclusion*

In sum, the Court finds that the Intervenor cannot make a claim for Equal Protection. In addition, the Court finds that the Intervenor lacks standing before this Court because he has suffered no injury. As such, the Court dismisses the claims of the Intervenor. In addition, the Defendant Bolivar County's actions of changing the supervisory district apportionment base has mooted the claims of the Plaintiff. Thus, the Court shall dismiss the Plaintiffs' claims as well. Furthermore, the Court has been informed by the parties that if the claims of the Intervenor were dismissed, that would conclude this action. Therefore, the Court finds that this action is complete and shall be closed.

A separate order in accordance with this opinion shall issue this day.

This 29th day of January 2007.

/s/ Glen H. Davidson
Chief Judge